UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 22-cr-00088 |
| VERSUS | CHIEF JUDGE HICKS |
| NATHAN CEDRIC JOHNSON (01) | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Defendant, Nathan Cedric Johnson, is charged with one count of felon in possession of a firearm. Doc. 1. The charge arises following a search of a vehicle and backpack during a traffic stop. Before the court is Defendant's Motion to Suppress (Doc. 18). For the reasons that follow, it is recommended that the motion to suppress be denied.

**Factual Background**

An evidentiary hearing was held on September 8, 2022. The following facts were established. In September 2021, Shreveport Police Detective Robalo and Sgt. McKenna (who are both members of Shreveport's Violent Crime Abatement Team) were conducting surveillance on a residence in Shreveport. Tr. 4-5. The officers had received a tip from a confidential informant regarding firearms and drug activity at the residence. Tr. 20.

The officers saw two people enter a white SUV parked in the driveway and leave the residence. Detective Robalo began to follow in an unmarked unit. The driver of the SUV "kind of swerved" and crossed over the gore (the space between a roadway and an

entrance ramp) and failed to use a traffic signal. Tr. 5-6, 33, & 43. Detective Robalo initiated a traffic stop. Sgt. McKenna arrived shortly thereafter.

The driver was identified as Nicholas Nabors, and Defendant was his passenger. A backpack was on the back seat. Tr. 7-8. Detective Robalo asked if there were any guns or drugs in the car, but Nabors looked straight ahead and did not respond. Tr. 8.

Sgt. McKenna asked Nabors to step out of the vehicle. Detective Robalo asked Defendant to step out. Robalo asked Defendant why he was shaking, and Defendant said he had an active warrant and did not want to go to jail. Tr. 9. Sgt. McKenna asked Nabors (the driver) if he could search the vehicle for contraband, narcotics, or firearms. Tr. 22.

The sole issue on this motion to suppress is whether Nabors gave consent to search the vehicle. Defendant called Nabors as a witness during the suppression hearing. Nabors denied granting consent. Tr. 41. Defendant also testified that Nabors did not give consent to search the car. Tr. 43-44. Both officers testified that Nabors gave consent. Tr. 14, 22-23. In response to questions from the court, Sgt. McKenna confirmed that he asked Nabors for consent to search the car and that Nabors did, in fact, consent to the search. Tr. 24.

**Law and Analysis**

    **A. Standing**

Passengers have standing to challenge the stop of a vehicle, because that is considered a seizure of their person. Brendlin v. California, 561 U.S. 249, 251 (2007). However, passengers ordinarily lack standing to challenge the search of a car, unless they have an expectation of privacy in the area of the automobile searched. Rakas v. Illinois, 439 U.S. 128, 130 (1978).

Defendant did not establish a possessory interest in the automobile or any expectation of privacy in the vehicle or the backpack that was inside the vehicle. Accordingly, Defendant lacks standing to challenge the search of the vehicle or the backpack.

### B. Consent

Even if Defendant had standing, the court finds that Nabors (the driver) provided valid consent to search. Although Defendant and Nabors denied providing consent, the court finds their testimony is not credible. The credible evidence at the hearing established that Nabors consented to the search. That consent was not limited or withdrawn at any time. Tr. 24.

**Conclusion**

Defendant lacks standing to challenge the search of the vehicle and backpack. Even if he did have standing, Nabors consented to the search.

Accordingly,

It is recommended that Defendant's Motion to Suppress (Doc. 18) be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections.

Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of November, 2022.

_____
Mark L. Hornsby
U.S. Magistrate Judge